COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

UNITED STATES DISTRICT COURT
DOCKET NO. 1:26-CV-14516-DJC

* * * * * * * * * * * * * * * * * * * * * *
CAMERON LACROIX,

Plaintiff,

v.

WOODLAND PARK PARTNERS, LLC, and THE HAMILTON COMPANY, INC.,

Defendants.
* * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF THE DEFENDANTS, WOODLAND PARK PARTNERS, LLC, AND THE HAMILTON COMPANY, INC., PURSUANT TO LOCAL RULE 7.1(b)(1) IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND FOR JUDGMENT ON THE PLEADINGS, PURSUANT TO FED. R. CIV. P. 12(c)**

The defendants, Woodland Park Partners, LLC and The Hamilton Company, Inc., hereinafter referred to as the ("Landlord", Management Agent" and collectively the "Defendants"), pursuant to Local Rule 7.1(b)(1), file the within memorandum in support of their motion to dismiss the Plaintiff's complaint in this action, pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) and for judgment on the pleadings pursuant to Fed R. Civ. P. 12(c).

1. Dismissal for Lack of Subject Matter Jurisdiction.

The Federal District Court lacks subject matter jurisdiction over the state claims in the plaintiff's complaint, specifically: Count I – Claim for retaliation asserted under M.G.L. c. 186, §18; Count II – Claim for interference With Quiet Enjoyment asserted under M.G.L. c.186, §14; Count III – Breach of Contract claim and Count IV – Claim for the breach of the Implied

Covenant of Good Faith and Fair Dealing. See *Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 10 (1983)*.

In the alternative, assuming the plaintiff has asserted a viable claim under the Fair Housing Act, Defendants assert that these claims are subject to dismissal pursuant to 28 U.S.C. §1367(a) and (c) as these claims: (1) are not so related to the purported Fair Housing Act claim set out on page 11 of the complaint in paragraphs 81-84, such that the claims form part of the same case or controversy under Article III of the United States Constitution; and (2) do not share a common nucleus of operative facts with the purported federal claim. The state law claims clearly predominate in the complaint filed by the plaintiff.

In *United Mine Workers of America v. Gibbs, 383 U.S. 715, 727 (1966)*, the Supremes Court stated in dicta, ". . . recognition of a federal court's wide latitude to decide ancillary questions of state law does not imply it must tolerate a litigant's effort to impose upon it what is in effect only a state law claim. Once it appears that a state claim constitutes the real body of a case, to which the federal clam is only an appendage, the state claim may fairly be dismissed." The Defendants maintain that the *United Mine Workers* case is dispositive here.

2. Dismissal of the Plaintiff's Purported Fair Housing Act Claim for Failure to State a Claim.

The purported federal claim under the Fair Housing Act, so-called, set out at page 11 at paragraphs 81-84, is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), as no facts are asserted to establish a claim under the Act upon which relief may be granted as no violation of the Act is asserted. Specifically, the paragraphs in the complaint state as follows:

> 82. The present record establishes that Plaintiff requested a transfer and has medical documentation predating the eviction proceedings, but this draft does not assume that Defendants were informed that the transfer was requested as a disability-related reasonable accommodation.

> 83. This draft also does not assume that conduct by another resident was directed at Plaintiff because of a federally protected characteristic.
>
> 84. Plaintiff should assert a Fair Housing Act count in a filed complaint only if additional facts or evidence establish the required connection between a federally protected right and the challenged conduct.

The Defendants assert that the plaintiff's purported claim under the Fair Housing Act must be dismissed since the claim does not plead facts with sufficient specificity to establish a cause of action and does not state a claim upon which relief may be granted. Here, the plaintiff asserts mere general statements, which reference no "well plead" facts sufficient to sustain a claim as a matter of law. *Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007)*; *Irabor v. Lufthansa Airlines, 427 F. Supp. 3d 222, 230 (D. Mass. 2019)*.

3. In the alternative, the Defendants are entitled to judgment on the pleadings with respect to the Plaintiff's purported Fair Housing Act claim.

A motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) is reviewed much like a motion pursuant to Fed R. Civ. P. 12(b)(6). The difference is the court considers the pleadings as a whole. *Afrasiabi v. United Press International, 561 F. Supp. 3d 1, 5 (D. Mass. 2021)*. The Defendants state that considering the complaint as a whole, the court must enter judgment on the pleadings as to this claim.

## Conclusion

The Defendants respectfully suggest that they are entitled to the relief request herein.

WOODLAND PARK PARTNERS, LLC,
AND THE HAMILTON COMPANY, INC
By its attorney,

__/*Mary Winstanley O'Connor*/
Mary Winstanley O'Connor, Esq.
Krattenmaker O'Connor & Ingber P.C.
One McKinley Square, 5th Floor
Boston, MA 02109
moconnor@koilaw.com
(617) 523-1010
(BBO NO. 541708)

Dated: October 22, 2026